In the United States Court of Federal Claims
OFFICE OF SPECIAL MASTERS
No. 14-1152
(Not to be Published)

* * * * * * * * * * * * * * * * * * * * * * * * *
IMOGENE B. FOWLER,

    Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

    Respondent.
* * * * * * * * * * * * * * * * * * * * * * * * *

Filed: June 26, 2015

Petitioner's Motion for a Decision
Dismissing the Petition; Vaccine Act
Entitlement; Denial Without Hearing

*Imogene B. Fowler*, Tuscaloosa, AL, *pro se* Petitioner.

*Amy P. Kokot*, U.S. Dep't of Justice, Washington, DC, for Respondent.

**DECISION DISMISSING CASE[1]**

On November 25, 2014, Imogene Fowler filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that she suffered from a variety of symptoms as a result of her November 11, 2014, receipt of the influenza vaccination. *See* Petition at 1 (ECF No. 1).

During a status conference in this case that was held on June 5, 2015, Petitioner indicated that she continued to experience symptoms related to her alleged vaccine-related injury, but

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (Dec. 17, 2002) (current version at 44 U.S.C. § 3501 (2014)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C.A. § 300aa-10 through 34 (2006)) [hereinafter "Vaccine Act" or "the Act"]. Individual sections references hereafter will be to § 300aa of the Act.

(consistent with her letter dated February 24, 2015) she no longer wished to purse this claim. Order at 1 (ECF No. 14). Respondent indicated that she did not object to Petitioner filing a motion requesting that I issue a decision dismissing this case. *Id.* Accordingly, as per my instructions, Petitioner has now filed a motion requesting that I issue a decision dismissing this case on the grounds that she has decided not to pursue her claim further. Motion to Voluntarily Dismiss, dated June 19, 2015 (ECF No. 15).

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or (2) that she suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). An examination of the record, however, does not uncover any evidence that Petitioner suffered a "Table Injury." Further, the record does not contain sufficient persuasive evidence establishing that the alleged injury that Petitioner experienced could have been caused by the vaccinations received, or that it lasted more than six months (*see* § 11(c)(1)(D)(i)).

Under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on his claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. §13(a)(1). In this case, there is insufficient evidence in the record for Petitioner to meet her burden of proof. Petitioner's claim therefore cannot succeed and must be dismissed. §11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

Brian H. Corcoran
Special Master